## COMMONWEALTH *vs.* FRANK R. HRABAK.

Essex. November 6, 2003. - January 8, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Rape. Practice, Criminal,* Argument by prosecutor.

At the trial of an indictment charging anal rape of a six year old child, the prosecutor erred in making a statement during closing argument concerning the flexibility of a child's rectum, in the absence of expert testimony on the subject, where, in the context of the argument, the flexibility of a child's rectum would be inextricably linked in the jurors' minds to the absence of physical injury to the child in this case, and where the flexibility of a child's rectum to accommodate an adult penis without injury was a matter beyond the common understanding of most jurors; moreover, the error was prejudicial to the defendant and required reversal, where the anal rape charge turned solely on the credibility of the child and the defendant, the prosecutor's erroneous argument went to the heart of the defense, and the judge, despite giving repeated instructions to the effect that closing arguments were not evidence, did not take any steps to address the specific problem raised by the prosecutor's invitation to the jury to draw an inference that could not be drawn in the absence of expert testimony. [654-657]

INDICTMENT found and returned in the Superior Court Department on October 14, 1998.

The case was tried before *Howard J. Whitehead,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Valerie A. DePalma,* Assistant District Attorney, for the Commonwealth.

*Steven J. Brooks* for the defendant.

IRELAND, J. A Superior Court jury convicted the defendant of two indictments charging rape (oral and anal) of a six year old boy, John,[1] and one indictment charging indecent assault and battery on one of John's sisters. The defendant appealed from his convictions to the Appeals Court, which affirmed the convictions of oral rape and indecent assault and battery, but reversed the conviction of anal rape because the court held that the prosecutor's

---

[1]We use the pseudonym used by the Appeals Court.

closing argument and the judge's failure to give a requested cura-
tive instruction constituted prejudicial error.[2] *Commonwealth* v.
*Hrabak*, 57 Mass. App. Ct. 648, 653-655 (2003). We granted the
Commonwealth's application for further appellate review on the
issue of the propriety of the prosecutor's closing argument
concerning the anal rape. Because it was prejudicial error for the
prosecutor, in the absence of expert testimony, to make a state-
ment concerning the flexibility of a child's rectum, we reverse the
defendant's conviction of anal rape.

1. *Facts.* The facts are set out fully in the Appeals Court's
opinion. *Id.* at 649-652. Therefore, we recite only those facts
that are necessary to understand the defendant's conviction of
the anal rape of John, reserving certain facts for discussion in
conjunction with the issue raised.

In 1988, when the alleged rape occurred,[3] the defendant was
babysitting for John and his sisters. At the time, John was ap-
proximately six years old. The alleged anal rape was not
reported until 1998, at which time the defendant was indicted.

2. *The prosecutor's closing argument.* At trial, the defendant
testified and denied that the alleged anal rape ever occurred.
Thus, the issue of the rape turned on the credibility of the
witnesses. To support his defense, the defendant offered John's
pediatric records, which did not contain any reference to
complaints of sexual abuse or physical findings of injury to John's
rectal area. In addition, defense counsel cross-examined Officer
Christine Nicolosi of the Methuen police department, a certified
sexual assault investigator, who first spoke with John about his al-
legations against the defendant. Defense counsel asked Nicolosi
if, in the course of her investigation, she looked at John's pediatric
records for signs of physical injury to his rectum. Eliciting that
she had not, the following exchange took place:

---

[2]The defendant also claimed that the judge erred in not allowing defense
counsel to cross-examine John concerning issues related to his drug use and
arrest for marijuana possession. That issue is not before this court. It was
decided by the Appeals Court and was not part of the application for further
appellate review. *Commonwealth* v. *Hrabak*, 57 Mass. App. Ct. 648, 652-653
(2003) (Superior Court did not err in preventing defense counsel from cross-
examination regarding John's arrest).

[3]Because the conviction of anal rape is the only one before us, for simplic-
ity, we refer to the rape in the singular and frame our discussion as if it were
the only crime of which the defendant was convicted.

DEFENSE COUNSEL: "Well, if the pediatric records contained evidence of the tearing of the rectum, that would have supported your allegations in this case, would it not?"

THE WITNESS: "It could have."

DEFENSE COUNSEL: "Okay. And if the records did not contain such information, that could possibly show that this never happened?"

THE WITNESS: "It might have showed it. It might not have showed it. *I'm not an expert on that location.*" (Emphasis added.)

On redirect examination, the prosecutor returned to the issue of potential injuries, questioning Nicolosi as follows:

THE PROSECUTOR: "Officer Nicolosi, in your training, is it fair to say that you learned about different kinds of injuries that can occur when children are sexually assaulted?"

THE WITNESS: "Yes."

THE PROSECUTOR: "You had some training at your sexual-assault school specifically directed at child sexual abuse. Is that correct?"

THE WITNESS: "Yes, we did."

THE PROSECUTOR: "And did you learn that *children may sustain injuries if their genital areas are penetrated?*" (Emphasis added.)

THE WITNESS: "Yes."

THE PROSECUTOR: "Did you also learn that children may not sustain injuries, under those circumstances?"

THE WITNESS: "Yes."

Responding to the defendant's contention that no injuries were reported in John's pediatric records, the prosecutor argued in her closing:

"And yes, it is true, members of the jury, [John] didn't

tell his pediatrician; he didn't report any injuries; he doesn't remember feeling injured. . . . But, when you look at the pediatric records, you will see that there was not an examination of that area of his body. So, we really don't know too much about that. And there are only certain conclusions you can draw from that.

"There is something else that is really important in that regard, that I would like to highlight for you, and that is this: Officer Nicolosi, again a certified, trained, experienced sexual-assault investigator, told you that sometimes when children experience genital penetration, *such as anal penetration*, sometimes they have injuries and sometimes they don't have injuries. This is the information that she gave you. And you can use that information in assessing and evaluating the credibility of [John's] testimony." (Emphasis added.)

Later, the prosecutor said:

"There is one thing I forgot to mention, when I was talking about [John]. *I just want to skip back to that, now*, because I think it is important. *We were talking about the issue about whether or not a child would have injuries who had been rectally penetrated.* And there was one other point that I wanted to make to you, members of the jury, which is very important. And this is something that you all know, based on your own life experience, and that is that the opening of the rectum is a flexible opening. *It is flexible in children and it is flexible in adults. And it is flexible enough to accommodate the passage of fairly large objects.* And that is something everybody knows, based on their own common experience. It may not be very pleasant to talk about, publicly; but it is something that you have to think about, when you are assessing and evaluating the evidence in this case. *Recall, in that regard, what [John] told you about the sex act. It felt that something [was] going in instead of coming out.*" (Emphases added.)

At the end of the prosecutor's closing, the defendant moved for a mistrial. Defense counsel argued that there had been no expert testimony regarding the flexibility of a six year old child's rectum to accommodate a grown male's penis. Defense

counsel argued that the prosecutor herself offered the "expert opinion," which was key to whether there was an anal rape. In response to the judge's statement that the prosecutor had not taken the argument one step further and told the jury that one would not expect to find physical injury, defense counsel stated, "*She did argue that, in a way. She argued that, earlier and later, I believe, based on Officer Nicolosi*" (emphasis added).[4]

At one point, the judge considered the defendant's request for an instruction to the jury that would inform them that an expert opinion would be required concerning the issue whether injury to a child's rectum could or could not be expected. Ultimately however, the judge decided not to "say anything . . . other than the regular inference instruction." The judge's decision came after the prosecutor said, "Well, they did have an opinion from Officer Nicolosi which came in, without objection . . . [t]hat there may or may not be injuries." The judge agreed that "[Nicolosi] did testify to that. . . . So we do have that."

We evaluate the prosecutor's closing to see whether there was prejudicial error, considering the remarks in the context of the entire argument, the testimony, and the judge's instruction to the jury. See *Commonwealth* v. *O'Connell*, 432 Mass. 657, 659-660 (2000); *Commonwealth* v. *Kozec*, 399 Mass. 514, 523 (1987). Once a properly raised objection to a prosecutor's argument is found to be valid, the entire record, including the balance of the prosecutor's argument, becomes relevant in determining whether the error was prejudicial to the point of requiring a reversal of the conviction. *Id.*

In *Commonwealth* v. *Federico*, 425 Mass. 844, 851 (1997), a child sexual abuse case involving the admission of expert medical testimony, this court stated: "In the absence of evidence of physical injury, a *medical expert* may be able to assist the jury

---

[4] As discussed *infra*, in evaluating a prosecutor's closing argument, we look at the argument in its entirety. Accordingly, we need not decide, as the Commonwealth urges, whether the earlier portion of the closing quoted above, containing the words "such as anal penetration," is a proper subject of appellate review because the defendant did not properly preserve the issue at trial and failed to raise the statements before the Appeals Court. However, we note that, with this reference to Nicolosi, the defendant did tie the prosecutor's two statements together.

by informing them that the lack of such evidence does not necessarily lead to the medical conclusion that the child was not abused" (emphasis added; footnote omitted). Moreover, we specifically noted:

> "The *jury may be under the mistaken understanding that certain types of sexual abuse always or nearly always cause physical injury or scarring in the victim.* Particularly where the defendant argues that the absence of any scarring or injury is evidence that the abuse did not occur, *expert medical testimony* to the contrary may assist the jury in properly evaluating the evidence" (emphases added).

*Id.* at 851 n.13.

The Commonwealth argues that the flexibility of a child's rectum is within a juror's common experience, and that the prosecutor's argument never expressly stated that that flexibility would make it possible for a victim of anal rape to suffer no apparent physical injury. The Commonwealth's argument, however, ignores the clear import of the message being conveyed to the jury. That segment of the argument had been introduced by a reference to "the issue about whether or not a child would have injuries" as a result of the penetration of the rectum, and, in that vein, discussion just two sentences later concerning the flexibility of a child's rectum would, in the minds of the jurors, be inextricably linked to the absence of physical injury. Taken in context, the prosecutor suggested to the jury that the flexibility of a six year old child's rectum was the reason for John's lack of injury following anal rape, and she unambiguously asked the jury to draw that inference.

The clear implication of this court's statements in *Commonwealth* v. *Federico, supra,* is that expert testimony is necessary to address issues concerning a child sexual abuse victim's lack of injury. See *Commonwealth* v. *Dockham,* 405 Mass. 618, 627-630 (1989) (expert testimony proper where emotional and behavioral symptoms of child sexual abuse victims beyond knowledge of jury). See also *Commonwealth* v. *Fredette,* 56 Mass. App. Ct. 253, 263-264 (2002) (explanation of child's delay in reporting sexual abuse requires expert testimony). Where the Commonwealth counters a defendant's argument concerning a lack of evidence of injury to a child sexual abuse

complainant by offering a medical or anatomical reason (here, by arguing the flexibility of the rectum), that reason must be supported by expert testimony. The flexibility of a child's rectum to accommodate an adult penis without injury is a matter beyond the common understanding of most jurors.

We reject the Commonwealth's argument that such expert testimony was supplied by Officer Nicolosi. When defense counsel asked Nicolosi what "physical evidence" there might be in a case of anal rape, Nicolosi declined to answer, explaining that she was "not a doctor." Later, in response to defense counsel's questions concerning whether medical records lacking evidence of rectal tearing might indicate that no anal rape occurred, Nicolosi explicitly stated that she was "*not an expert on that location*" (emphasis added).[5] On redirect examination, Nicolosi's testimony concerning what she had learned in training concerning the presence or absence of injury was in response to a question about penetration of children's "genital areas," and did not indicate that she had any expertise or training with respect to children's rectums (the precise area of anatomy as to which she had previously disclaimed any expertise). Accordingly, it was error for the prosecutor to argue, without expert testimony, that the rectum of a six year old child is sufficiently flexible to accommodate anal penetration without rectal injury.

We also conclude that this error was prejudicial to the defendant. An error is nonprejudicial only if the "conviction is sure that the error did not influence the jury, or had but very slight effect." *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994), quoting *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983). Here, we lack the requisite assurance that the error had little or no effect on the jury's assessment of the evidence of anal rape. The anal rape charge turned solely on the credibility of John and the defendant, and the prosecutor's erroneous argument went to the heart of the defense. See *Commonwealth* v. *Kozec*, 399 Mass. 514, 520 (1987); *Commonwealth* v. *Fredette*, *supra* at 264. The absence of any physical evidence to corroborate John's claim was a central

---

[5]The judge asked Nicolosi whether, based on her training and experience, there would be a probability that there would be rectal tearing. Nicolosi stated that she had not dealt with this issue, but she would assume so from her training.

theme of the defense, and it is at least plausible that the jury were influenced by the Commonwealth's unsupported argument with respect to an explanation for that lack of injury, an argument that the prosecutor described to the jury as "very important."[6]

Errors in closing argument may, of course, be cured by an appropriate and timely curative instruction. See *Commonwealth* v. *Kozec, supra* at 518. Here, the judge gave repeated instructions to the effect that closing arguments were not evidence, which instructions may, if the error in closing is minor, be adequate to repair the damage. See *Commonwealth* v. *O'Connell*, 432 Mass. 657, 659 n.3 (2000). However, at no time did the judge take any step to address the specific problem raised by this particular misstatement, namely, that the prosecutor was inviting the jury to draw an inference that could not be drawn in the absence of expert testimony. The judge's standard instruction about opening and closing arguments not being evidence did nothing to countermand that improper invitation, and thus would not operate to "neutralize the prejudicial effect of the prosecutor's remarks." *Commonwealth* v. *Fredette, supra* at 264, quoting *Commonwealth* v. *Shelley*, 374 Mass. 466, 471 (1978), *S.C.*, 381 Mass. 340 (1980).

Considering the prosecutor's error coupled with a lack of effective curative instruction from the judge, we cannot say that the prosecutor's statement regarding the flexibility of a child's rectum did not influence the jury's verdict. Accordingly, the judgment of the Superior Court on indictment no. 9877-CR-002198 is reversed, the verdict is set aside, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[6]We recognize that, in this case, the lack of physical evidence may, for other reasons, have carried little or no weight with the jury. Elsewhere in closing, the prosecutor pointed out that the pediatric records did not reflect any examination of John's rectum, so the absence of any reference to physical injury in the medical records could be readily — and simply — explained by the fact that no medical personnel ever even looked at that area. However, we are not called on to decide whether the prosecutor's misstatements in closing gave rise to a substantial risk of a miscarriage of justice. Where defense counsel raised a timely objection to the prosecutor's misstatements, we must review the misstatements under the far more stringent standard of prejudicial error.